

**WARD, SHINDLE & HALL**
ATTORNEYS AT LAW

**PETER J. BONFIGLIO IV, ESQUIRE**
*LICENSED IN NJ*

196 GROVE AVENUE, SUITE A
WEST DEPTFORD, NEW JERSEY 08086

(856) 853-7771
FAX (856) 853-0146
PBONFIGLIO@WSHLAWYERS.COM

July 29, 2024

**Via ECF**
Honorable Christine P. O'Hearn – United States District Court Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 6050
Camden, NJ 08101

> **Re:    Mountain Portfolio Owner NJ, LLC v. Sunoco- 6801 Tilton Rd., et al.**
> **Docket No.: 1:24-cv-07055-CPO-SAK**

Dear Judge O'Hearn

This office represents Plaintiff, Mountain Portfolio Owner NJ LLC in the above-captioned matter. This letter shall serve as a request for a pre-motion conference as set forth in Your Honor's Judicial Preferences. Plaintiff has authorized the preparation and filing of a Motion for Remand. The basis for Plaintiff's motion is straight forward, the removal of the state court case was done with the improper purpose of delaying the summary eviction proceedings. Additionally, the Court lacks subject matter jurisdiction, as there is no federal question, and the facts pled in Plaintiff's state court Complaint are solely matters of New Jersey state law. Plaintiff filed a summary eviction action in the Superior Court of New Jersey, which was removed by the Defendants on the basis of federal question subject matter jurisdiction, due to a pending Chapter 7 bankruptcy of Mountain Express Oil Company ("MEX"), a non-party. Defendant removed the matter to District Court on the eve of trial in state court, despite a clear Order from the Bankruptcy in the Southern District of Texas, which cancelled or rejected **all** non-residential leases with MEX as a party.

Federal question jurisdiction, as prescribed by 28 U.S.C. § 1331, is one of two subject matter jurisdiction which allows for a Defendant to remove a case to the United States District Court. *Caride v. Altman*, 623 F.Supp.3d 441, 449 (D.N.J. 2022). Federal Question jurisdiction provides original jurisdiction of the state court matter based on facts pled on the face of the complaint. *Id.* at 455 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); see also 28 U.S.C. 1441(a). Courts must apply the "'well-pleaded complaint rule", which provides that "federal jurisdiction exists only when a federal question is presented on the fact of the plaintiff's properly pleaded complaint.'" *Ibid*.

1

If at any time, it appears that the District Court lacks subject matter jurisdiction, the court must remand the case to state court.  28 U.S.C. 1447(c). The Plaintiff in a removed case has the right to move for remand, at any time, when asserting the Court lacks subject matter jurisdiction. 28 U.S.C. 1441(c); see also *Med. Assocs. of Erie v. Zaycosky*, 77 F.4th 159, 162 (3d Cir. 2023). The removing Defendant bears the burden of proof to demonstrate that subject matter jurisdiction rests with the District Court, and the Court must strictly adhere to the removal statute. *Caride v. Altman*, 623 F.Supp.3d at 449; see also *Lewis v. World Boxing Council*, 914 F. Supp. 1121, 1123 (D.N.J. 1996). "Any doubts about the existence of federal jurisdiction must be resolved in favor of remand." *Rosebud Holding, L.L.C. v. Burks*, 995 F. Supp. 465, 467 (D.N.J. 1998).

The Court may award fees, in contrast to the generally accepted "American Rule," which requires litigants to pay their own fees, when Congress explicitly provides "indication of its intent to overcome the American Rule's presumption against fee shifting. *Med. Assocs. of Erie v. Zaycosky*, 77 F. 4th at 162. In matters where remand is granted based on the lack of subject matter jurisdiction, fee shifting is expressly provided in the statute. 28 U.S.C. 1447(c). The award of fees under 28 U.S.C. 1447(c), rests on the "reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Fee shifting should be limited to where the removing Defendants had no objective rational basis for removing the case. *Id*. at 133.

The removal filed by the Defendants in this matter is entirely baseless and without merit, as there exists no underly claims subject to federal jurisdiction. The well-pleaded complaint rule applies in this matter. *Caride v. Altman*, 623 F.Supp.3d at 449. The claims for relief pled in Plaintiff's complaint are entirely based in New Jersey state law, specifically under statute *N.J.S.A.* 2A:18-53, which provide for grounds for tenant removal. Defendants assert that the potentially pending Chapter 7 proceedings of non-party MEX, give rise to a Federal Question. ECF 1.  However, the pendency of any Chapter 7 proceedings related to MEX are not germane to Plaintiff's underlying complaint, as the lease was rejected by the Court under the August 24, 2023 Order. ECF 1-1 at pgs. 8-9.

The removal is a blatant attempt at stalling the summary eviction proceedings in state court, as no claims have been made within Plaintiff's Complaint which would provide original jurisdiction to the District Court. The proceedings before the state court and this Court are not the appropriate forum for Defendants to assert any claims against Mountain Express, either. Claims that Defendant may possess against Mountain Express are not subject to the state court proceedings as the relief provided to the prevailing party in a summary eviction action in the Superior Court is only possession of the subject property. Defendants may have valid monetary claims against Mountain Express, but those claims are not in dispute here, and asserting such claims in a summary eviction proceeding is not appropriate. The removal filed by the Defendants offers no valid or evident rationale for why the District Court would have jurisdiction over a New Jersey summary eviction proceeding.  Defendants here have the burden to show that jurisdiction lies with the District Court. *Caride v. Altman*, 623 F.Supp.3d at 449. The removal

filed fails on all fronts to show any federal question in the Plaintiff's pleadings, and as such, the frivolous removal should be remanded back to state court.

As the removal filed by Defendants was baseless, and lacked all merit, Plaintiff is entitled to an award of attorney's fees for its defense against the removal. Despite the "American Rule's" preference for a litigant to pay his own way, fee shifting is appropriate in certain cases, specifically if prescribed by Statute, as 28 U.S.C. 1447(c) does in the instant case. *Med. Assocs. of Erie v. Zaycosky*, 77 F. 4th at 162. Plaintiff contents that the award of attorney's fees is entirely appropriate here, as Defendants removal was nothing more than an attempt to delay the eviction proceedings. Without a rational basis for Defendant's removal, Plaintiff is entitled to the award of attorney's fees and costs under the statute. *Martin v. Franklin Capital* Corp., 546 U.S. at 140.

Plaintiff now seeks an Order remanding the matter back to state court, together with an award of attorney's fees and costs related to the defense of the removal, and submits this request for a Pre-Motion Conference in an effort to resolve this matter prior to filing its motion.

Thank you for your attention in this regard.

Respectfully submitted,
**WARD, SHINDLE & HALL**

Peter J. Bonfiglio IV, Esquire
NJ Attorney ID# 233262017

cc:     Justin Scheier, Esq. (via ECF)
        Mountain Portfolio Owner NJ LLC (via e-mail)

F:\Box Sync\Box Sync\PracticePanther\Mountain Portfolio Owner NJ LLC\Atlantic\Egg Harbor - 6801 Tilton Road\Ltr to Judge O'Hearn request pre motion conf..docx